OPINION
{¶ 1} Defendant Lacey Taylor appeals a judgment of the Municipal Court of Fairfield County, Ohio, overruling his Motion for Postconvictiion Relief.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 5, 2000, at approximately 11:45 p.m., Appellant was arrested, in the village of Lithopolis.
 {¶ 3} On November 16, 2000, defense counsel filed a motion to suppress evidence gathered at the arrest, arguing, among other things, non-compliance with Ohio Department of Health Regulations regarding the breath alcohol test.
 {¶ 4} On January 12, 2001, the trial court heard the motion. After Officer Wesley Barton of the Lithopolis Police Department testified, defense counsel withdrew his challenge to the evidence based on non-compliance with the Ohio Department of Heath Regulations. Defense counsel pursued the issues of reasonable articulable suspicion to stop, probable cause to arrest, and Miranda violations. Ultimately, the trial court overruled the motion to suppress in its entirety.
 {¶ 5} On January 23, 2001, Appellant changed his plea to a plea of guilty.
 {¶ 6} On January 31, 2001, Defendant-Appellant filed a direct appeal of his conviction assigning the sole error of ineffective assistance of counsel.
 {¶ 7} On August 27, 2001, Appellant filed a Motion for Postconviction Relief with the trial court.
 {¶ 8} On September 4, 2001, this Court affirmed Appellant's conviction finding that Appellant's arguments were based on facts outside of the record and could not be considered by this court.
 {¶ 9} On January 15, 2002, the trial court held an oral hearing on Appellant' Motion for Postconviction Relief. The evidence before the trial court included the transcript of the oral hearing on Appellant' Motion to Suppress held on January 12, 2001, and the transcript of the change of plea hearing held on January 23, 2001.
 {¶ 10} On February 26, 2002, via Journal Entry, the trial court overruled Appellant's Motion fro Postconviction Relief.
 {¶ 11} Appellant timely appealed this decision, raising the following sole assignment of error:
ASSIGNMENT OF ERROR
 {¶ 12} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF."
 {¶ 13} Appellant in his sole assignment of error argues that the trial court erred in overruling his motion for postconviction relief. We disagree.
 {¶ 14} In his motion for postconviction relief, Appellant urges he was denied the effective assistance of trial counsel, because trial counsel withdrew the portion of the motion to suppress which contested the admissibility of the breath test.
 {¶ 15} Initially, we will address the State's argument that municipal courts do not have jurisdiction to determine petitions for post-conviction relief filed pursuant to R.C. § 2953.21.This Court has previously held in State v. Dunlap (October 23, 1997), Licking App. No. 97-CA-53, unreported, that R.C. § 2953.21 does not limit the remedy of post-conviction relief to felonies, nor does it limit its jurisdiction to the courts of common pleas.
 {¶ 16} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington
(1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 17} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 18} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 19} The basis of appellant's argument is the breath test was not administered in compliance with Ohio Department of Health Regulations, and if trial counsel had pursued this issue, the breath test would have been suppressed. Specifically, appellant alleges he had a portion of chewing tobacco in his mouth during the required 20 minute observation period prior to the test, and also during the breath test itself.
 {¶ 20} Upon review of the record, we find that the trial court did not err in concluding that trial counsel may have been pursuing a strategic defense, and was not ineffective when he directed his efforts to the traffic stop and the circumstances surrounding the arrest. Because we find defense counsel's representation was not deficient, we find appellant was not denied his constitutional right to the effective assistance of counsel.
 {¶ 21} The assignment of error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Municipal Court of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Boggins, J., Farmer, P.J., and Wise, J., concur.
Topic: Post conviction relief